ROBERT L. GILL et al., Respondents, v. CHARLES H. MALLORY et al., Appellants.

First Department, June 23, 1948.

*Charles B. Brophy* of counsel (*John Sculley, Jr.*, with him on the brief; *Jackson, Nash, Brophy, Barringer & Brooks*, attorneys), for appellants.

*Mortimer S. Gordon* of counsel (*Herman Keller* and *Harold S. Lazar* with him on the brief; *Gordon, Brady, Caffrey & Keller*, attorneys), for respondents.

VAN VOORHIS, J. This action has been brought to enjoin the expulsion from membership in a copartnership known as Mal-

lory, Adee & Co. of plaintiffs by defendants pursuant to clauses in the partnership agreement, and the complaint contains a second cause of action to compel a dissolution of the said firm.

In signing the partnership agreement, plaintiffs agreed to article thirteenth, which provided that if at any time during the continuance of the partnership a majority in interest of the partners should determine that it is not desirable in the best interests of the firm that another partner should continue as a partner, such majority in interest might give him written notice requiring him to withdraw from the partnership on a date to be specified in such notice, and that the effect would be the same as though he had voluntarily retired. In either event, the partnership is not to be terminated but is to be continued by the remaining partners.

The interest in the firm of such retiring partner was to be evaluated and paid in accordance with good accounting practice and at fair market values (except that it was stipulated that no valuation should be placed upon furniture or fixtures), according to a procedure provided for in said agreement. We think that it was the purpose of this clause to avoid, if possible, the legal proceedings involved in dissolution and winding up of the partnership if the members of the firm should find themselves in discord and unable to continue functioning harmoniously as a partnership. To this end the power of decision was granted to a majority in interest to determine whether or not it is desirable in the best interests of the firm that any particular member should continue as a partner. A majority in interest has so decided with respect to the plaintiffs.

The moving papers do not show that this determination was fraudulent so as to support an injunction pendente lite. The plaintiffs' contention is that the majority decision was made selfishly and therefore not in good faith. We do not think that it was the purpose of the agreement to offer such an issue to be litigated whenever this clause in the agreement was availed of by a majority in interest. The purpose was to minimize litigation, not to create new issues to be tried in addition to those which would ordinarily be attendant upon dissolution. The effect of an injunction is to continue an impasse and keep the business of the firm in confusion.

The partnership agreement with amendments is referred to in the complaint and in the affidavits, and a copy stipulated by counsel for both sides has been furnished to the court. It indicates that the rights of the plaintiffs, upon voluntary or involuntary retirement under article thirteenth, are not greatly different from what they would have been if the firm had been dissolved. Thus in article seventeenth it is provided that " Upon the termination or dissolution of the partnership or the death or

retirement therefrom of a partner, neither the good will of the partnership nor the right to the use of the firm name shall be considered as an asset of the partnership, nor shall any value be placed thereon for the purpose of accounting or distribution." By a subsequent amendment there was added to the agreement: "Upon the termination of the partnership the firm name of Mallory, Adee & Co., if then in use, may continue to be used by any successor firm that may be formed to carry on the business of the partnership, provided that at least a majority in interest of those persons who were partners of the terminated partnership at the time of termination shall be partners in such new firm; and in that event the right to use said firm name shall pass to and become the property of such successor firm without the payment of any consideration. Otherwise the firm name of Mallory, Adee & Co. shall not be used after the termination of the present partnership except in the liquidation of its affairs and except in such manner as Charles H. Mallory and George T. Adee may jointly approve."

Thus the plaintiffs are no worse off, in this respect, than they would have been if a majority in interest of the partners had elected to dissolve the firm and continued to do business in a new partnership bearing the same name.

With respect to plaintiffs' rights, respectively, to their seats upon the New York Stock Exchange and the New York Curb Exchange, the same provisions govern in the event of voluntary or involuntary retirement of a partner as in dissolution. This removes the force of plaintiffs' contentions that they are being prejudiced by what has occurred in relation to their seats on these exchanges. While these seats remain in their names, the partnership agreement makes plain that they transferred their beneficial ownership therein to the firm. It is provided in article fifth:

*"Upon the termination of the partnership or the retirement therefrom of Robert Lee Gill,* whichever of said events shall first occur, he shall within fifteen days after the happening of such event irrevocably elect by notice in writing to the partnership, and shall forthwith proceed to carry out, alternative (a) or alternative (b) hereinafter set forth:

"(a) Retain his membership and pay to the partnership the amount necessary to purchase another membership in the New York Stock Exchange plus the initiation or transfer fee; or

"(b) Sell his membership and pay to the partnership the proceeds of the sale, or transfer his membership for a nominal consideration to a person satisfactory to the New York Stock Exchange and nominated by the partnership.

" In the event that Robert Lee Gill shall not elect alternative (a) above set forth, the method of disposition of said membership under alternative (b) shall be determined by the partnership." (Italics supplied.)

A corresponding provision exists in relation to the seat upon the Curb Exchange now in the name of the plaintiff Paul W. Havener.

Since the parties agreed, as part of the contract of partnership, what should happen with respect to their exchange seats in this precise event, which was the same disposition agreed to in case of dissolution, they are not threatened with irreparable damage so as to justify the granting of a temporary injunction. They are merely being called upon by defendants to do what they agreed to do. In event of either retirement or dissolution, they agreed to elect either to retain their memberships in these exchanges and pay to the partnership the amount necessary to purchase other memberships, or to sell their memberships and pay to the partnership the proceeds of sale, or transfer them for a nominal consideration to nominees of the partnership. Each alternative may be regarded by plaintiffs as undesirable, but that does not alter the agreement, which indicates clearly that when they entered the firm they transferred to it beneficial ownership in these seats which became part of the consideration for the making of the agreement.

It does not appear that defendants acted in bad faith (if that were to be the test), with sufficient certainty to warrant the granting of a temporary injunction, when in giving these notices of involuntary retirement to plaintiffs under article thirteenth, it appears that defendants placed plaintiffs in no worse position, substantially, than they would have occupied if the firm had been dissolved, which is what the plaintiffs are suing for under the second cause of action.

In deciding that plaintiffs are not entitled to a temporary injunction, we of course do not pass upon any of the other issues which may arise out of the partnership agreement or the transactions of the parties thereunder.

The order appealed from should be reversed, with $20 costs and disbursements to the appellants, and the application for an injunction *pendente lite* should be denied.

PECK, P. J., DORE and SHIENTAG, JJ., concur; GLENNON, J., dissents and votes to affirm. (See *Blisset* v. *Daniel,* 10 Hare 493.)

Order reversed, with $20 costs and disbursements to the appellants and the motion for an injunction *pendente lite* denied. **Settle order on notice.**