Joseph A. Suozzi, J.
This is an action in which plaintiff seeks judgment declaring a partnership legally dissolved as of January 31,1958; for an accounting by defendant for the entire calendar year of 1958; for a division of the partnership assets; and for a money judgment. Defendant, by way of counterclaim, seeks judgment that the partnership was dissolved on June 11, 1958 by wrongful acts of the plaintiff; an accounting to the date of dissolution; division of the partnership assets; and money damages.
The facts, as the court finds them, are as follows: The parties were engaged as partners in the practice of professional engineering under the terms of a written partnership agreement dated July 16,1953. Two offices were maintained by the firm— the one in New York City under plaintiff’s direction, and the one in Hempstead directed by defendant. The agreement, among other things, provided that either partner had the right to *314 terminate the partnership at the end of any calendar year, and that he could exercise this right hy giving written notice to that effect to the other partner at least three months before the end of any calendar year.
On January 23,1958 defendant notified plaintiff that he wished to dissolve the partnership as of January 31, 1958. Plaintiff consented to the dissolution on January 28, 1958, subject to agreement upon terms of winding up. Defendant then submitted to plaintiff his proposed terms of dissolution. A counterproposal was then submitted by plaintiff. Plaintiff then withdrew his consent to the dissolution.
Plaintiff contends that his consent was fraudulently induced by defendant by the withholding of information about prospective work for which defendant was negotiating. He claimed that this conduct by the defendant caused their dissolution by operation of law on January 31, 1958 (Partnership Law, § 63, subd. 1), and that defendant must account to the plaintiff for all profits from jobs having their inception prior to December 31, 1958; that plaintiff need only account to defendant for the period ending January 31, 1958.
It is defendant’s position that the partnership was not dissolved on January 31, 1958 because there was no agreement on terms and, further, because there was no material misrepresentation of fact; that the partnership should be declared dissolved as of June 11, 1958 under the same section 63 of the Partnership Law because of plaintiff’s misconduct; and that plaintiff’s accounting to defendant should be as of June 11,1958.
It is clear that section 63 requires dissolution under circumstances wherein the conduct of a partner is such ‘ ‘ that it is not reasonably practicable to carry on the business in partnership with him” (Partnership Law, § 63, subd. 1, par. [d]), or if ‘1 Other circumstances render a dissolution equitable ’ ’ (Partnership Law, § 63, subd. 1, par. [f]). The questions before us are: Are the circumstances such as to warrant dissolution; if so, what was the effective date of dissolution; must either or both partners account to the other and if so, as of what date; are there money damages due and owing by either partner to the other 1
From the facts and circumstances, including the expressed desire of both partners to dissolve as of January 31, 1958, the court finds that the partnership was dissolved as of that date, and that there should be an accounting, a termination of the partnership affairs and a distribution of its assets, if any.
The court finds, too, that plaintiff is entitled to share in those profits, if any, which resulted from business which was being *315 negotiated by defendant prior to January 31, 1958. There was evidence at the trial that there was such business which plaintiff learned about subsequent to his having orally consented to the dissolution. However, the court is not in a position to make any determination as to the amount of profits, if any, in which plaintiff is entitled to share in the absence of an accounting.
Accordingly, the court directs that the defendant render an accounting of all business conducted by him up to and including December 31, 1958. It is not intended by this direction that the defendant must share with plaintiff in all business conducted by him up to December 31, 1958, but the court requires such an accounting so that it can make a determination as to which profits, if any, grew out of or resulted from business negotiated by defendant prior to the dissolution of the partnership.
Except for defendant’s contention that the partnership continued until June 11,1958, there is no other claim that the plaintiff was doing any work which belonged properly to the partnership. However, to facilitate the termination of the affairs of the partnership and the distribution of its assets, the plaintiff is directed to account for any and all partnership business conducted by him.
The judgment to be signed herein shall be interlocutory in nature. Each party shall have 30 days from service of said judgment upon him to submit the accountings directed herein, and a copy of each accounting is to be submitted to the other party and to the court. If the parties are then able to agree upon a final disposition and distribution of partnership assets and liabilities, a final judgment may be submitted on consent. If the parties cannot agree within 30 days after the exchange of accountings, then either party, upon notice to the other, will renotice this case for trial so that the court can make final disposition of the issues then remaining to be decided.