■ DAVID BELL, Appellant, v. FRED HERZOG, Respondent.— Appeal from orders of the Supreme Court, Sullivan County, denying appellant's motion to compel arbitration and granting respondent's cross motion for summary judgment dismissing appellant's amended complaint. Appellant and respondent were partners, for the purpose of conducting a real estate business, from

814

August of 1968 until August of 1969 when respondent notified appellant that he considered his failure to devote his time and efforts to the real estate business and his failure to make the payments required by the partnership agreement a breach of the agreement and, therefore, was terminating the partnership. Appellant in turn wrote respondent that he considered his actions during the last month a final breach of the partnership agreement and a dissolution of the real estate partnership. Appellant, thereafter, pursuant to the terms of the partnership agreement, demanded that the parties proceed to arbitration. The arbitrators were selected but declined to arbitrate on the ground that the case involved a legal question of contract construction. Appellant thereupon commenced an action in the Justice Court of the Town of Bethel, Sullivan County to recover, among other things, the moneys that he allegedly paid into the partnership or to respondent. The Town Justice found no cause of action and upon appeal to the County Court the judgment of the Justice Court was affirmed. In its decision the County Court suggested that respondent's proper remedy would have been an action for accounting and dissolution of the partnership, that such remedy was still available to appellant if he elected to so proceed and that arbitration as provided by the terms of the partnership agreement was also still available to the parties in the event they desired to resort to such remedy to dissolve the partnership. Following this decision appellant commenced the instant action. His original complaint asked for an accounting and dissolution of the partnership but in a later amended complaint he sought specifically to recover the sum of $2,000 assertedly constituting the value of one half of the assets of the partnership and one half of the proceeds of all business consummated from the date of the formation of the partnership and to have the court appoint an arbitrator to formally dissolve the partnership and to properly and justly divide the partnership assets. Respondent in his answer denied the material allegations of the amended complaint and set forth several affirmative defenses including *res judicata,* election of remedies, illegality, and collateral estoppel. Subsequently, appellant moved to compel arbitration and respondent crossmoved for summary judgment dismissing the amended complaint on the grounds that the first cause of action was barred by *res judicata,* election of remedies, breach of contract and collateral estoppel and the second cause of action was barred by waiver, abandonment, election of remedies and laches and alternatively for the vacatur of appellant's notice of intention to arbitrate. Special Term denied appellant's motion to compel arbitration and granted respondent's motion to dismiss the complaint and the instant appeal ensued. Clearly appellant is barred by the Justice Court's finding that he had, in fact, breached the partnership agreement, but this finding does not preclude an action for an accounting to recover his interest in the partnership since the misconduct of a partner does not necessarily deprive him of his right to demand an accounting (Partnership Law, § 44, subd. 4; § 74; and see, generally, 43 N. Y. Jur., Partnership, § 231 *et seq.*). Here appellant's original complaint requested such an accounting and, even as amended, we feel it should have been construed as such a request. The judgment determining the previous litigation between the parties in Justice Court does not constitute a bar to the present action as so construed since the two actions unquestionably involve different causes of action (see *Statter* v. *Statter,* 2 N Y 2d 668; *Smith* v. *Kirkpatrick,* 305 N. Y. 66). In fact, the Justice Court would have had no jurisdiction to handle the equitable issue of an accounting. Nor does the fact that the parties failed to obtain a real estate broker's license in the name of the partnership as required by section 440-a of the Real Property Law preclude

such an action since incidental or collateral illegality does not preclude an accounting (*Dinerstein* v. *Dinerstein,* 32 A D 2d 750; 43 N. Y. Jur., Partnership, § 235). Accordingly, Special Term should not have dismissed the appellant's first cause of action. As to the issue of arbitration, however, we believe that the decision of Special Term denying appellant's motion to compel arbitration should be upheld. An intention to waive the right to arbitration will normally be assumed where a party elects to have his claims determined by a court (see, generally, 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7503.14, 7503.15), and once a party waives his right to arbitration he cannot thereafter renounce such waiver and compel arbitration (*Matter of Young* v. *Crescent Development Co.,* 240 N. Y. 244). Here, following the original selected arbitrators' declination to act, there was no request made to the court pursuant to CPLR 7505 for the appointment of new arbitrators. Instead appellant proceeded to bring an action in Justice Court and his prosecution of that action to final judgment is inconsistent with his right to arbitration under the partnership agreement. Accordingly, appellant manifested an intention to waive his right to arbitration and he cannot now seek to compel respondent to submit the parties' differences to arbitration. Order denying motion to compel arbitration affirmed, without costs. Order granting motion for summary judgment dismissing both causes of action contained in amended complaint modified, on the law and the facts, to the extent of reversing the dismissal of the first cause of action, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.