■ GELDER MEDICAL GROUP, Respondent, v FREEMAN B. WEBBER, Appellant.—Appeals from (1) an amended order of the Supreme Court at Special Term, entered April 18, 1974 in Delaware County, which granted a preliminary injunction and (2) an order and judgment of the same court, entered March 11, 1975 in Delaware County, which granted summary judgment in favor of the plaintiff and enjoined the defendant from practicing medicine or surgery within a radius of 30 miles of the Village of Sidney for a period of five years from the termination of his association with plaintiff. The following findings of Mr. Justice Terry in his decision at Special Term are amply supported by the record: "[A] valid and enforceable partnership agreement was executed by the parties. This agreement contained a clause that is clear and unambiguous on its face, restricting the members of the partnership, upon their withdrawal from the partnership from practicing their profession for a period of five years within thirty miles of the Village of Sidney. The agreement further provided for the procedure for the involuntary withdrawal of one or more partners. This procedure was followed explicitly and a financial settlement was made with the defendant. Thereafter, within two months, the defendant attempted to open an office

for the practice of his profession within the Village of Sidney. No issue of fact remains to be decided." The defendant contends that even when a partnership agreement expressly provides for an involuntary expulsion of a partner the public policy requires that the other members of the group show good cause or good faith. We find no such rule applicable to an unambiguous partnership agreement. (See *Millet v Slocum,* 4 AD2d 528, affd 5 NY2d 734; *Gill v Mallory,* 274 App Div 84.) Orders and judgment affirmed, without costs. Greenblott, J. P., Sweeney, Herlihy and Reynolds, JJ., concur; Mahoney, J., dissents and votes to reverse in the following memorandum. Mahoney, J. (dissenting), I dissent. On January 2, 1973 the defendant, Dr. Freeman Webber, executed an agreement by which he became a partner in the Gelder Medical Group, a partnership practicing medicine in the Village of Sidney, New York. In October, 1973 Dr. Webber was told that his partners had unanimously voted to expel him. Two months later he opened his own medical office in Sidney, whereupon plaintiff Gelder Medical Group obtained an order preliminarily enjoining him from practicing within 30 miles of the village. An order was obtained shortly thereafter, upon summary judgment, making the preliminary injunction final. The injunctions were granted to enforce a covenant in the partnership agreement whereby each partner agreed to refrain from practicing within 30 miles of Sidney for five years "after the termination of his relationship with the * * * group." Defendant contends that he was arbitrarily expelled, thus breaching the agreement and freeing him from the covenant not to compete. Plaintiff argues, and Special Term held, that the partnership agreement authorized a majority of partners to expel without cause. The view that a majority had the right to expel without cause is founded on a section of the partnership agreement entitled "Withdrawal of a Partner or Dissolution", which provides, in part: "In the event that any member is requested to resign or withdraw from the group by a majority vote of the other members of the group, such notice shall be effective immediately * * * and he shall be paid in full to the date of termination". If a similar provision appeared in, for example, a mere employment contract between a partnership and a servant, perhaps such language would mean that the employee served at the partnership's pleasure. But, the relationship of partners *inter se,* which is the context of the contract language here, precludes a right in the majority to expel arbitrarily a fellow partner. When physicians pool their assets and skill to practice, there must be a mutual expectation of good faith. That men, even highly educated and sophisticated men, as here, might knowingly contract in a manner inimical to their interests, is accepted and, when done, the contract must be enforced. However, in the absence of contractual language affirming that intent, it should not be presumed that such men voluntarily elected to hazard their livelihood to the arbitrary whim of their associates. To give automatic enforcement to the subject expulsion article herein is to deny that good faith, in the absence of clear evidence to the contrary, is the norm that should be expected in all human relationships. Men rarely consent to the role of hostage. The majority's reliance on the dictum in *Millet v Slocum* (4 AD2d 528, 532, affd 5 NY2d 734, is misplaced. *Millet* does not stand for the proposition that a partnership agreement that is silent as to causes for expulsion must be construed as authorizing expulsion without cause. In *Millet* the physicians' partnership agreement authorized expulsion for cause or "For the good of the partnership, which shall include incompatability or any other factor or quality or relationship" *(Millet, supra,* p 532). Despite this language in the agreement giving the partnership great latitude in choosing to expel, the appellate decision noted

that "Whether or not there was incompatibility justifying expulsion within the meaning of the partnership agreement presented a question of fact for the trial court. (Gray v. Shepard, 147 N. Y. 177)". The court thereupon affirmed the finding below that the partnership had failed to justify the expulsion and also affirmed the refusal to enforce the covenant not to compete. If the propriety of the expulsion in Millet raised a question of fact, a fortiori the ambiguous partnership agreement now before the court presents questions of fact precluding summary judgment. Here, the agreement does not specify the reasons for which a partner may be expelled. In light of the presumed good faith among the partners when the agreement to work together was made, the expelling majority should be required to articulate a reasonable basis for expulsion if they wish to hold Dr. Webber to his covenant not to compete. A reasonable basis in this case would be one which reasonable partners, at the time they executed the agreement, would have envisioned as grounds for expulsion, such as professional incompetence, dereliction of duty, scandal threatening to the partnership's reputation, or such outrageous personal incompatibility that a reasonable colleague could not tolerate. Plaintiff's reliance on Gill v Mallory (274 App Div 84) is misplaced. There, a partner was expelled pursuant to a provision that "if at any time during the continuance of the partnership a majority * * * of the partners should determine that it is not desirable in the best interests of the firm that another partner should continue as a partner, such majority * * * might give him written notice * * * and * * * the effect would be the same as though he had voluntarily retired." (Gill v Mallory, supra, p 85.) The plaintiff Gill, contending he was expelled "selfishly" and "not in good faith", obtained a preliminary injunction reinstating him to the partnership pending a trial to determine if the expulsion was in good faith. The Appellate Division, in vacating the injunction, held that the purpose of the disputed provision was to enable a majority to eliminate an unharmonious (though perhaps competent) partner without the expense of dissolving the partnership. But the court did not hold that the expulsion provision (which, if anything, gives the expelling majority greater discretion than the provision here) authorized arbitrary expulsion. Rather, it avoided the question by holding that the partnership agreement clearly empowered a majority to dissolve the partnership at will, and since the expelled partner would have been in the same position after dissolution as he was after expulsion, he had not been harmed even if the expulsion were in bad faith. The case now before the court is different. Herein, unlike in Gill (supra), there is a covenant not to compete. In this case, Dr. Webber, given the continuance rather than the dissolution of the partnership, would be precluded from practicing during the agreed-upon period and, again, unlike Gill (supra), would be harmed by the expulsion. Thus, holding as I do, that "good faith" is an implied condition of the subject article of the partnership agreement with respect to partner expulsion, it is clear that not only was it improper to summarily issue the permanent injunction, it was also error to grant the preliminary injunctive relief in the absence of a clear showing of the likelihood of success by the plaintiffs in the trial for permanent relief (Brand v Bartlett, 52 AD2d 272). Both orders should be reversed and the matter remanded for trial on the issues delineated herein.