■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR SANTIAGO, Appellant.—Separate judgments of conviction, Supreme Court, New York County, rendered July 12, 1974 after jury trial, and by plea of guilty of two separate charges of sale of a controlled substance, modified, on the law, by dismissal of lesser included counts of possession of a controlled substance, and otherwise affirmed. (See *People v Grier,* 37 NY2d 847; CPL 300.40, subd 3, par [b].) A factual statement as to the nature of the case is found as far as it goes in the dissent. Sufficiency of the evidence appears not to be contested. The attack is upon a claimed set of allegedly confusing instructions to the jury. It is conceded therein that "if the jury clearly understood this instruction [i.e., that defendant should be acquitted if his activity was as the procuring agent for the police officer and not as the agent of the drug supplier] the verdict could withstand appellate challenge." However, our colleague claims that, when the jury sought clarification, the answering additional charge by the court confused matters by a rereading of the "earlier skeletal instruction." Skeletal or not, the answer to the request for instruction was adequate. It is then said that "further confusion was engendered by the reinstruction on appellant's possible role as an accomplice". This instruction was not introduced by the court, as is implied, as a tail to the reinstruction as to agency; it came in reply to the specific request of a juror for enlightenment on that subject. Nor is it other than confusing here to argue that, while the "evidence supports a finding that [defendant] was [the supplier's] accomplice", he was not his agent; the proof demonstrated that he was both, and the jury so found. On our holding that the evidence supported conviction beyond a reasonable doubt after a fair trial, the issue raised concerning the later plea of guilty to another charge becomes academic. Defendant clearly admitted his guilt of the separate charge covered by the plea. Concur—Markewich, J. P., Silverman, Capozzoli and Nunez, JJ.; Murphy, J., dissents in the following memorandum: Murphy, J. (dissenting). Santiago and a codefendant named Julio Maldonado were convicted, after a jury trial, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees. Four days after the jury returned its verdict, Santiago pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of several other outstanding indictments. We are here concerned only with Santiago's convictions on this consolidated appeal from judgments imposing concurrent sentences of 15 years to life. On this appeal defendant contends, *inter alia,* that he was denied a fair trial and that his plea, which was predicated on his improper conviction after trial and, in any event, lacked a sufficient factual basis therefor, should be vacated; and I agree. Defendant was concededly involved in a transaction which culminated in an undercover officer's purchase of cocaine from the codefendant Maldonado. The undercover officer, Roman, met defendant through a confidential informant. Defendant then arranged for Roman to meet Maldonado and was present in the car when the cocaine and the $4,000 sale price were exchanged. Roman testified that he gave the money to defendant, but, at the trial, could not categorically state whether defendant retained any specific portion thereof before turning it over to Maldonado. Roman's Grand Jury testimony was even more equivocal with respect to whether defendant retained any part of it. Roman did admit, however, that after several pleas by defendant, he reluctantly gave Santiago a "taste" of the cocaine, which defendant contends supports his position that he did not otherwise profit from the transaction. Appellant introduced a defense of agency through cross-examination of the prosecution's witnesses. He did not

testify in his own behalf and raised no issue of mistaken identification. The sole, narrow, issue presented for jury determination in this case, then, was whether defendant was an accomplice of Maldonado or an agent of Roman. Nevertheless, the trial court initially refused to even give any charge on the defense of agency. However, it later recalled the jurors and informed them that if they believed Santiago "acted solely as a procuring agent for officer Roman rather than as an associate or agent of Julio Maldonado", he should be acquitted. If the jury clearly understood this instruction, the verdict could withstand appellate challenge. However, the jury, obviously confused over this eleventh hour addendum to the charge, requested further clarification. Rather than comply, the trial court merely reread its earlier skeletal instruction; and repeated its original charge on acting in concert. Further confusion was engendered by the reinstruction on appellant's possible role as an accomplice when the court asked the jurors to focus their attention on whether Santiago "knowingly requested, solicited or intentionally aided Maldonado." If the defendant was Roman's agent, as he contends, he did request and solicit Maldonado to make the sale to Roman. The further difficulty here, of course, is that even if Santiago knowingly aided Maldonado, such fact would not be inconsistent with an agency defense. (Cf. *People v Lindsey,* 12 NY2d 958; *People v Silverman,* 23 AD2d 947.) Under the circumstances of this case, the jury had to find that Santiago not only knowingly aided Maldonado, but also shared his "mental culpability". (Penal Law, § 20.00.) Lastly, any hope of clearly explaining the issue presented was then shattered when, after the jury pressed for further clarification of agency, the court injected a charge on entrapment and referred to Santiago's "criminal disposition". In sum, the critical issue here is not whether the People's evidence supports a finding that Santiago was Maldonado's accomplice (concededly, it does), but whether the jury, which must determine such issue, was given proper guidelines to decide if he was an agent of Roman instead. In my view, it was not, because of the incomplete, inaccurate and hopelessly confusing instructions on the defense of agency. Since I believe that a retrial is in order, I would also set aside appellant's subsequent plea, which covered other criminal charges stemming from appellant's relationship with Roman. Aside from the fact that the plea was obviously induced by the trial verdict and inextricably connected therewith, the colloquy which followed the taking of the plea was consistent with appellant's recently rejected agency defense. In light of the foregoing, the judgment of conviction after trial should be reversed and a retrial directed; and the judgment entered on the plea should be reversed, the plea vacated, and the matter remanded for further proceedings.