■ XTRA DIVIDEND, INC., et al., Respondents, v SYLVAN LAWRENCE et al., Doing Business as BROAD-WALL COMPANY, Appellants.—Order, Supreme Court, New York County, entered April 18, 1977, which, insofar as appealed from, denied defendants' motion for a protective order pursuant to CPLR 3103 (subd [a]) and 3133 to vacate plaintiffs' request for interrogatories dated February 17, 1977, unanimously modified, on the law and on the facts, to the extent of granting the motion as to Item No. 11 of the interrogatories and, as so modified, affirmed, without costs and disbursements. In light of the principle mandating disclosure of all evidence material and necessary to the prosecution or defense of an action, it appears that Item No. 11 of plaintiffs' interrogatories is overly broad. Further, it is noted that defendants on appeal concede that they are experienced and knowledgeable realtors, thus vitiating plaintiffs' contention that the information sought by Item No. 11 is necessary to establish the expertise of defendants in the real estate business. Concur—Murphy, P. J., Kupferman, Lupiano, Yesawich and Sullivan, JJ.

■ I. D. ROBBINS et al., Respondents, v EDWARD ELLMAN et al., Individually and Doing Business as EDDY PROVISION Co., Appellants, et al., Defendants.—Resettled order, Supreme Court, New York County, entered May 5, 1978, which, to the extent appealed from, granted plaintiffs' cross motion disqualifying the law firm of Colman & Liner from appearing on behalf of more than one defendant group, unanimously reversed, on the law, on the facts and in the exercise of discretion, and cross motion denied, without costs and without disbursements. The conclusory affidavits submitted by plaintiffs' attorney at this early stage in the proceedings fail to establish that the "director" and "tenant" groups have divided, adverse and conflicting interests in defending this action. Therefore, the law firm of Colman & Liner should not have been disqualified from representing those defendant groups. *(Lewis v Palestine,* 50 AD2d 752.) Should the facts, as later developed in this action, show a conflict of interest on the part of that law firm, plaintiffs may, if so advised, renew their request for disqualification. Concur—Murphy, P. J., Lupiano, Yesawich and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MALDONADO, Appellant.—Judgment, Supreme Court, New York County, rendered December 17, 1974, convicting defendant after jury trial of criminal sale of a controlled substance, first degree, and criminal possession of a controlled substance, first and third degrees, unanimously modified, on the law, to dismiss the count of criminal possession of a controlled substance, third degree, and otherwise affirmed. On the facts of this case, conviction of the counts charging sale and possession with intent to sell, included the lesser count of possession, third degree. As the People concede, the lesser count should be dismissed as it was in the case of the codefendant *(People v Santiago,* 55 AD2d 584, affd 44 NY2d 924). We have examined the other contentions advanced by appellant and find them without merit. Concur—Murphy, P. J., Lupiano, Evans, Lane and Sullivan, JJ.