■ DIANE DWYER, as Executrix of PETER E. DWYER, Deceased, Appellant, v MICHAEL NICHOLSON et al., Respondents. — In an action for an accounting, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Kartell, J.), entered July 10, 1981, as denied that branch of her cross motion which was to vacate or modify a prior protective order of the same court so as to allow further discovery and inspection of defendants' records. Order reversed insofar as appealed from, with $50 costs and disbursements, the fourth and sixth decretal paragraphs thereof are deleted and that branch of plaintiff's cross motion which was to vacate or modify the July 7, 1980 order is granted to the extent that the plaintiff may conduct further discovery and inspection with respect to all work performed and all fees obtained on cases retained before the death of Peter E. Dwyer, and is otherwise denied. The parties do not dispute the existence of a

partnership agreement between the deceased and defendants. The right of the deceased's estate to demand an accounting to wind up the partnership and determine the value of the decedent's interest therein has therefore been clearly established (see *Squire v Wing,* 17 AD2d 835; *Bell v Herzog,* 39 AD2d 813). We find no merit in defendants' contention that the estate should be precluded from demanding an accounting due to the decedent's alleged unclean hands. The decedent is entitled to share in the profits of all business pending on the date of the decedent's death (cf. *Stem v Warren,* 227 NY 538; *Bogen v Alston,* 33 Misc 2d 313). Plaintiff is therefore entitled to discovery and inspection of all records created prior to and subsequent to the date of the decedent's death which are relevant to determining the work performed and the fees collected on cases completed or pending as of the date of the decedent's death. Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.