■ ROBERT W. NISHMAN, Respondent, v ANTHONY J. DE MARCO, JR., Appellant. — In an action for an accounting of partnership assets, defendant appeals from (1) an order of the Supreme Court, Nassau County (Pantano, J.), dated April 21, 1982, which, *inter alia,* sustained the report of the referee finding that plaintiff was entitled to receive from defendant the principal sum of $207,000, and (2) a judgment of the same court, entered thereon on May 10, 1982. Appeal from the order dated April 21, 1982, dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by reducing the principal sum awarded plaintiff to $82,504, and order modified accordingly. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment. The facts of this case are set forth in *Nishman v De Marco* (76 AD2d 360) which affirmed an interlocutory judgment, which ordered, adjudged and decreed, *inter alia,* "that a valid, subsisting and enforceable agreement exists between plaintiff and defendant pursuant to which each is entitled to an accounting from the other of an equal division of net profits on fees received heretofore since September 1, 1975 and in the future, by or on behalf of either of them, on account of and derived from all and any matters in which the law firm of Nishman & De Marco was retained by or represented any person or entity prior to July 1, 1974". Thereafter, the matter was referred to a referee, Alexander Berman. At the trial before the referee, defendant submitted proof that the net profits from his law practice amounted to 44% of his gross receipts, while the remaining 56% went to the overhead expenses of running his practice. The parties stipulated that, assuming no allowance was made for overhead expenses of their respective law practice, plaintiff was entitled to the principal sum of $207,000, representing one half of the fees collected by defendant on partnership matters, less a setoff of $94,145.47 for one half the fees collected by plaintiff on partnership matters. The parties further stipulated that, in the event that defendant were allowed to deduct an allowance for overhead expenses, plaintiff

would be allowed a similar deduction, reducing the setoff from $94,145.47 to $50,000. The referee determined that defendant was not entitled to deduct an allowance for overhead expenses from fees collected on partnership matters because such "expenses related to all of Mr. De Marco's fees and not to any particular fee which came about by reason of the partnership * * * To pursue such a contention, it is remotely possible that defendant could have suffered a financial loss, thus leaving plaintiff with no rights whatsoever." Pursuant to the referee's determination, and the stipulations of the parties, plaintiff was awarded the principal sum of $207,000. The interlocutory judgment specifically provides for the "equal division of net profits on fees" and there is no indication in the record that the phrase "net profits" should be taken at other than its ordinary meaning. Therefore, contrary to the referee's determination, each party was entitled to deduct from fees collected on partnership matters, a ratable share of his overhead expenses. Pursuant to the stipulations of the parties, one half of the fees collected by defendant on partnership matters amounted to $207,000 plus the $94,145.47 setoff, or $301,145.47. Only 44% of the $301,145.47, or $132,504, represented net profits. As against this amount, defendant, pursuant to the stipulations of the parties, is entitled to a setoff of $50,000. Therefore, the principal sum awarded plaintiff should be reduced to $82,504. We have considered defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Rubin and Boyers, JJ., concur.