THOMAS P. CURTIN, Respondent, v LOUIS J. GLAZIER et al., Individually and as Copartners Doing Business as GLAZIER, JACKLER & COMPANY, CPAs, Appellants.

Fourth Department, July 11, 1983

APPEARANCES OF COUNSEL

*Bond, Schoeneck & King* (*George Lowe, John M. Freyer* and *Thomas R. Smith* of counsel), for appellants.

*Blitman & King* (*Michael J. Kawa* of counsel), for respondent.

OPINION OF THE COURT

DENMAN, J.

This action arises out of dissolution of the partnership of Glazier, Jackler & Company, CPAs. The partnership was

dissolved on May 10, 1982 pursuant to a "Dissolution Agreement" to which plaintiff, Thomas Curtin, was not a party, after which defendants formed two new partnerships from which Curtin was excluded. He now claims that he is entitled to compensation for his partnership interest under the "Partnership Continuation Agreement with Buy-Sell Provisions" (Buy-Sell Provisions) rather than under the "Dissolution Agreement." Special Term granted plaintiff summary judgment on that claim but denied summary judgment on plaintiff's fourth and fifth causes of action for tortious interference with contract and for the balance of plaintiff's guaranteed annual salary from the date of dissolution. For reasons which follow we agree that plaintiff is entitled to the value of his 10% partnership share under the terms of the Buy-Sell Provisions. However, we modify the order of Special Term and grant defendants' motion for summary judgment dismissing plaintiff's fourth and fifth causes of action.

The partnership was formed by defendants Louis Glazier and Joseph Jackler in 1968. In 1972 defendant Robert Nelkin purchased a 10% interest. At that time, articles of partnership and a partnership continuation agreement were executed. The agreements were thereafter executed in substantially the same form as new partners were added to the firm, most recently on January 1, 1982 when defendant Andrew Ewanyk purchased a 10% interest for $97,358.

Paragraph 15 of the articles of partnership provides for removal of a partner without cause by the affirmative vote of partners representing a majority interest and, in the event of such removal, for purchase of the partnership interest in accordance with the Buy-Sell Provisions. Those provisions contain a formula for evaluating a partner's interest based on the value of the partnership as a going concern, i.e., based on the net service receipts of the prior calendar year adjusted to account for future income from accounts receivable and work in progress, as well as for future expenses and accounts payable.

The articles of partnership contemplate the possibility that application of this formula could be circumvented if, following removal of a partner, the remaining partners

dissolve the partnership and form a new partnership to assume the business. Such ploy would result in a substantial financial advantage to the remaining partners since the removed partner would be entitled only to the value of his partnership interest on liquidation, rather than under the more generous Buy-Sell Provisions. In order to prevent such result, the following clause was included in paragraph 10 of the articles of partnership: "The parties hereto are further in accord in their desire that under no circumstances are the obligations of the remaining partners who continue the business of this partnership to be circumvented by said remaining partners upon legal dissolution of the partnership caused by the termination of any partner by the formation of a 'different' partnership, which would nevertheless either attempt to or actually take over the business of the present partnership without satisfying its obligations." The thrust of that provision was reiterated in paragraph 16: "If the remaining partners do not elect to continue the partnership as herein provided, they shall not attempt to do so in any indirect manner whatsoever, either individually, jointly or in conjunction with others, it being the specific intention of these Articles of Partnership that if the business of the partnership is to be continued after occurence [*sic*] of any of the aforesaid events, or if the remaining partners continue to practice accounting and auditing, any party to this Agreement may do so only having purchased the partnership interest of the other partner or partners in accordance with the terms of a certain Partnership Continuation Agreement, Buy-Sell Agreement, executed concurrently with these Articles of Partnership."

Plaintiff contends that defendants' action in dissolving the partnership and forming two different partnerships from which he has been excluded is precisely the situation which the parties sought to avoid by incorporating paragraphs 10 and 16 in the articles. He argues that defendants "constructively removed" him from the partnership and that he is entitled to be compensated for the value of his interest based on the formula governing involuntary removal in the Buy-Sell Provisions. The applicability of that formula is of substantial financial consequence to plaintiff:

the value of his interest under the Buy-Sell Provisions is $100,638.78 as opposed to only $26,057.65 under the dissolution agreement.

Plaintiff moved for summary judgment seeking a declaration that the formula in the Buy-Sell Provisions is the proper method of calculating the value of his partnership interest and requesting judgment in that amount. Defendants opposed the motion, arguing that there was a true dissolution of Glazier, Jackler & Company, CPAs, occasioned by unresolved differences of opinion between defendants Glazier and Jackler; that the partnership was in the process of complete liquidation; and that under the dissolution provision of the articles of partnership, plaintiff was entitled only to the value of his respective share of partnership assets.

Special Term found that defendants violated paragraphs 10 and 16 of the articles of partnership, that plaintiff was constructively removed from the partnership, and that he was entitled to have his 10% interest purchased in accordance with the Buy-Sell Provisions. Special Term further determined that an accounting was unnecessary inasmuch as the accuracy of the figures used to calculate the value of plaintiff's interest under the formula in the Buy-Sell Provisions was determined at the time defendant Ewanyk purchased his interest in the partnership on January 1, 1982 and in a supplemental accounting which defendants conducted in August, 1982. Those figures were not disputed. The value of plaintiff's partnership interest was determined to be $100,638.78 and judgment was entered in that amount.

Defendants claim that triable issues of fact exist with respect to whether there was a true dissolution of the partnership or whether there has been a continuation of the partnership by the remaining partners, albeit in a different form. Special Term treated the issue as one of contract interpretation and construed paragraphs 10 and 16 of the articles of partnership as precluding defendants from continuing to practice accounting under the arrangement described without purchasing plaintiff's interest for the amount determined under the Buy-Sell Provisions. We agree that the issue turns on interpretation of the partner-

ship agreements and that it was properly determined as a matter of law.

It has long been settled that partnership rights and obligations may be fixed by agreement (*Corr v Hoffman,* 256 NY 254, 272; *Martin v Peyton,* 246 NY 213). Where, as here, there is a writing intended to be a complete expression of the parties' intention, the language of the agreement controls. It is not open to speculation and cannot be rewritten (*Rosen Trust v Rosen,* 53 AD2d 342, 352, affd 43 NY2d 693; 15 NY Jur 2d, Business Relationships-Partnerships, § 1308). Intention plainly expressed in clear, unambiguous terms raises no question of fact and summary judgment is appropriate (*Long Is. R. R. Co. v Northville Inds. Corp.,* 41 NY2d 455, 461; *Teal v Place,* 85 AD2d 788). The fact that Special Term considered facts surrounding the partnership dissolution did not preclude it from deciding what is essentially a question of contract interpretation as a matter of law. Where a question of contract interpretation implicitly requires the court to pass on "integral factual elements as well, the rule which leaves the matter in the hands of the Judge is supported by experientially indorsed considerations of policy and practicality (see Thayer, A Preliminary Treatise on Evidence at the Common Law, ch 5, Law and Fact in Jury Trials, pp 202-207)" (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554). Additionally, the facts upon which Special Term relied were undisputed. The dissolution agreement provided for defendants to purchase all of the outstanding accounts receivable and permitted them to purchase assets of the partnership including its computer, Xerox machine and word processor. Defendants did not controvert the fact that the "new" partnership formed by defendants Jackler, Nelkin, Liberman and Ewanyk would continue to maintain its office at the location previously occupied by Glazier, Jackler & Company. Although defendants dispute the fact that partnership debts have been canceled with respect to some of the defendants by offsetting their obligations against their interests in the new partnership, one is hard pressed to find another explanation as to why defendants Gerber, Jay Jackler, Liberman and Ewanyk, with partnership debts of $44,000, $56,000, $56,000 and

$97,000, respectively, would agree to dissolution under which their respective distributive shares are estimated to be $21,520, $17,520, $17,520 and $7,720. In any event, the worksheet attached to plaintiff's affidavit, prepared by Leonard Glazier, clearly provides for cancellation of partnership debts, which is an indirect method of offsetting those obligations against defendants' interests in the newly formed partnerships. Once plaintiff alleged the offsetting of these partnership debts, it was incumbent upon defendant to come forward with evidentiary proof in admissible form to controvert that allegation (*Zuckerman v City of New York*, 49 NY2d 557, 562-563). Inasmuch as defendants failed to do so, interpreting the partnership agreement in light of the undisputed facts and uncontroverted allegations before it, Special Term properly found a constructive removal as a matter of law and granted summary judgment. We also agree that an accounting is unnecessary as the figures used to calculate the value of plaintiff's interest under the Buy-Sell Provisions were undisputed.

Additionally, in adopting the dissolution agreement, defendants substantially altered plaintiff's rights under the articles of partnership and thereby violated subdivision 8 of section 40 of the Partnership Law which provides that "no act in contravention of any agreement between the partners may be done rightfully without the consent of all the partners." (See, also, *Duell v Hancock*, 83 AD2d 762.)

However, defendants are entitled to summary judgment dismissing plaintiff's fourth cause of action for tortious interference with contract. Plaintiff's rights are fully protected by his action on the partnership contract and he has alleged no breach of duty separate and distinct from that contract to give rise to an action in tort (see *Charles v Onondaga Community Coll.*, 69 AD2d 144, 146, app dsmd 48 NY2d 650; *Wegman v Dairylea Coop.*, 50 AD2d 108, 112, mot for lv to app dsmd 38 NY2d 918). Similarly, plaintiff's fifth cause of action seeking the remainder of his guaranteed annual salary through December 31, 1982 must also be dismissed. Although it is true that paragraph 6 of the articles of partnership provides for an annual guaranteed salary, it is silent with respect to further compensation

upon the involuntary removal of a partner. Compensation in the event of involuntary removal is governed by the formula set forth in the Buy-Sell Provisions which further provides that the purchase is in satisfaction of the partner's distributive share of partnership income. That formula is adjusted to reflect anticipated income from accounts receivable and work in progress. Consequently, were plaintiff to collect the balance of his annual salary, he would be collecting more than his proportionate share of the partnership income. The only logical interpretation of the partnership agreement is that payment of the price determined by the formula in the Buy-Sell Provisions satisfies the entire partnership obligation in the event of involuntary removal.

Although plaintiff sought judgment declaring the rights of the parties under the partnership agreement, such declaration has been rendered unnecessary in light of our determination here.

Accordingly, the order and judgment of Special Term should be modified in accordance with this opinion.

DILLON, P. J., DOERR, BOOMER and SCHNEPP, JJ., concur.

Order and judgment unanimously modified, and as modified affirmed, without costs, in accordance with opinion by DENMAN, J.