■ BERNADETTE GIBLIN et al., Appellants, v PHILLIP S. SECHZER et al., Respondents. — In an action, *inter alia,* for a partnership accounting, plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated September 19, 1983, as denied those branches of their motion which sought a preliminary injunction and an order disqualifying defendants' counsel. Order affirmed insofar as appealed from, with costs. Special Term correctly denied plaintiffs' application for a preliminary injunction. Plaintiffs seek to enjoin the other partners from expelling them from the partnership. The partnership agreement expressly provides that a partner may be expelled by majority vote upon a determination that his or her continued membership is undesirable. Such a provision is valid (*Gelder Med. Group v Webber,* 41 NY2d 680, 683; *Millet v Slocum,* 4 AD2d 528, affd 5 NY2d 734; *Gill v Mallory,* 274 App Div 84, 85) and is binding, irrespective of whether plaintiffs signed the agreement, since their course of conduct demonstrated ratification of and compliance with the agreement (*Corr v Hoffman,* 256 NY 254; *Matter of Vann* [*Kreindler, Relkin & Goldberg*], 78 AD2d 255, affd 54 NY2d 936; *Matter of Levin-Townsend Computer Corp.* [*Holland*], 29 AD2d 925). In addition, plaintiffs can obtain sufficient redress through other remedies (see, e.g., *Curtin v Glazier,* 94 AD2d 434; *St. James Plaza v Notey,* 95 AD2d 804; *Dwyer v Nicholson,* 89 AD2d 597; *Napoli v Domnitch,* 18 AD2d 707, affd 14 NY2d 508) and, therefore, will not suffer irreparable harm absent the preliminary injunction. Nor is there any basis for disqualification of defendants' counsel at this juncture as plaintiffs have made nothing more than conclusory assertions that there is a conflict of interest (*Lewis v Palestine,* 50 AD2d 752). Should facts later develop which would establish such a conflict, plaintiffs may, if so advised, renew their motion for disqualification (*Robbins v Ellman,* 65 AD2d 519). Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.