■ DIANE DWYER as Executrix of PETER DWYER, Deceased, Respondent, v MICHAEL NICHOLSON et al., Appellants. — In an action for an accounting of partnership assets, defendants appeal from an order of the Supreme Court, Kings County (Yoswein, J.), dated October 20, 1983, which directed them to file an accounting of plaintiff's decedent's partnership interest, dismissed their affirmative defenses without prejudice to assert their claims as setoffs in the accounting and dismissed their counterclaim seeking punitive damages with prejudice. This appeal brings up for review so much of an order of the same court, dated February 24, 1984, as, upon reargument, adhered to its original determination.

Appeal from order dated October 20, 1983 dismissed, without costs or disbursements. That order was superseded by the order dated February 24, 1984, made upon reargument.

Order dated February 24, 1984 modified, by vacating the second and third decretal paragraphs of the order dated October 20, 1983, and substituting therefor the following:

"ORDERED, that the matter of taking and stating accounts be and hereby is referred to a referee to take and state all of the accounts of the defendants herein and hear and determine the same without application to this court from the commencement of the partnership to the date of the decedent's death and what moneys, if any, are due and owing by defendants to plaintiff representing decedent Peter E. Dwyer's share in the partnership funds and assets and what amounts, if any, defendants are entitled to claim as setoffs to the accounting, which items were alleged as affirmative defenses in the Answer served in this action, and it is further

"ORDERED that the defendant Michael Nicholson serve upon plaintiff's counsel and file with the referee within 60 days of service of the order appointing a referee, with notice of entry, an accounting of the partnership interest of the decedent Peter E. Dwyer as of the date of the decedent's death, December 3, 1978, and it is further

"ORDERED, that the plaintiff serve upon defendants' counsel and file with the referee objections to the defendants' accounting, if any, within 30 days after service upon plaintiff's counsel of the accounting as set forth above, and it further

"ORDERED, that upon completion of the necessary hearings on said accounting, the referee shall file a report with the court including his findings of facts and conclusions of law regarding the amounts, if any, due and owing by defendants to plaintiff; and it is further". As so modified, order affirmed, insofar as

reviewed, without costs or disbursements, and matter remitted to Special Term for the appointment of a referee and further proceedings consistent herewith.

Plaintiff's right to an accounting was expressly established by this court's prior determination in *Dwyer v Nicholson* (89 AD2d 597, *appeal dismissed* 57 NY2d 955) which dealt with plaintiff's discovery rights. In order to determine which of defendants' records were material and relevant to plaintiff's cause of action and, therefore, discoverable, this court necessarily had to resolve the issue of plaintiff's right to an accounting. The court in *Dwyer v Nicholson* (89 AD2d 597, 598, *supra*) addressed the issue of unclean hands, stating "[w]e find no merit in defendants' contention that the estate should be precluded from demanding an accounting due to the decedent's alleged unclean hands". Accordingly, allegations of decedent's unclean hands will not relieve defendants of their duty to account. Moreover, a plenary hearing is not necessary to determine plaintiff's right to the accounting where the foundation of her right, to wit, the partnership agreement, is clearly proven (*cf. Nishman v De Marco,* 76 AD2d 360, *appeal dismissed* 53 NY2d 642, 94 AD2d 697, *affd* 62 NY2d 926; *Kaminsky v Kahn,* 23 AD2d 231, *after remittitur* 27 AD2d 248, *revd on other grounds* 20 NY2d 573).

Special Term properly ruled that defendants may assert their legal claims, denominated as affirmative defenses, as setoffs to the accounting only (*see, St. James Plaza v Notey,* 95 AD2d 804). Defendants will be permitted to submit proofs of these claims to the referee who, in turn, will recommend to the court the amount of setoffs, if any, defendants should be awarded. In addition, we note that the counterclaim seeking punitive damages was properly dismissed with prejudice (*see, Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358).

Furthermore, it is undisputed that, according to the partnership agreement, the decedent has a 55% interest in the firm. In addition, this court's prior decision stated "[t]he decedent is entitled to share in the profits of all business pending on the date of the decedent's death (cf. *Stem v Warren,* 227 NY 538; *Bogen v Alston,* 33 Misc 2d 313)" (*Dwyer v Nicholson,* 89 AD2d 597, 598, *supra*). In view of the above, we conclude that defendants have sufficient direction as to what matters they are required to account. The extent of decedent's interest as of the date of his death will be determined after defendants have filed the accounting, plaintiff has raised her objections thereto, if any, defendants have adduced proofs of any setoffs to which they may be entitled, and the necessary hearings have been conducted before the referee to determine the rights of the respective parties. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.