■ WILLIAM B. RODMAN, Respondent-Appellant, v REID & PRIEST et al., Appellants-Respondents.—Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on July 2, 1990, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for partial summary judgment on his fourth cause of action, unanimously modified, on the law, to the extent of granting defendants' motion for summary judgment dismissing the first, second, and third causes of action in the complaint, and granting plaintiff's cross motion for summary judgment on the fourth cause of action, to the extent of ordering an accounting, and otherwise affirmed, without costs. The clerk is directed to enter judgment granting defendants summary judgment dismissing the first, second and third causes of action in the complaint, and granting plaintiff's cross motion for summary judgment on the fourth cause of action, to the extent of ordering an accounting.

Appeal from the order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on September 22, 1988, dismissed, as academic, without costs.

The motion court upheld plaintiff-respondent's contention that the partnership of which he was formerly a member could not compel his withdrawal except by a vote at a formal meeting of the partnership. We disagree.

Under the terms of the 1984 partnership agreement, partnership business, including compelling a partner to withdraw could be conducted by "vote or consent", and may be performed "by a vote at a partnership meeting or otherwise." *(See generally, Curtin v Glazier,* 94 AD2d 434.)

Here, the necessary three-quarters approval was obtained by the execution of the August 1986 successor partnership agreement that excluded plaintiff, and the February 1987 resolution compelling plaintiff to withdraw.

We find no merit in plaintiff's contention that the motion court improperly converted defendants' motion to dismiss to a motion for summary judgment. Plaintiff's cross appeal is specifically limited to the motion court's denial of his cross motion for summary judgment on the fourth cause of action. Also, plaintiff was apprised of the intention of defendants to seek summary judgment as set forth in their memorandum of law. Moreover, construction of the partnership agreement is a matter of law. *(See, Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320.)

Inasmuch as the actions of defendants in compelling plain-

tiff to withdraw are permissible under the 1984 partnership agreement, plaintiff is entitled to an accounting. Concur— Murphy, P. J., Ross, Ellerin and Rubin, JJ.